UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| EUGENE SCALIA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| CLEMENTINE'S SALOON, INC.<br>500 Phoenix Street<br>South Haven, Michigan 49090 | )<br>)<br>)<br>) | Case No. 1:20-cv-9 |
| CLEMENTINE'S TOO, INC.<br>1235 Broad Street<br>St. Joseph, Michigan 49085 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| ALFRED RUPPERT<br>504 Hawksnest Drive<br>South Haven, Michigan 49090 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## CONSENT JUDGMENT

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor ("the Secretary") brought this action against Clementine's Saloon, Inc., Clementine's Too, Inc., and Alfred Ruppert, individually ("Defendants") for minimum wage, overtime pay and recordkeeping violations of the Fair Labor Standards Act during the time period of November 16, 2016 through December 13, 2018 (Relevant Period). Defendants have agreed to the entry of this Judgment without contest pursuant to an agreement between the parties. Upon joint motion of the parties and for good cause shown:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants,

1

their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Judgment, are hereby permanently enjoined and restrained from violating the provisions of 29 U.S.C. §§ 215(a)(2) and 215(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*, hereinafter the "FLSA"), including in any of the following manners:

1.  Defendants shall not, contrary to 29 U.S.C. §§ 206(a)(1) and 215(a)(2), fail to pay to their employees engaged in commerce or in the production of goods for commerce or employed in their enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour, or any rate subsequently made applicable by amendment to the FLSA.

2.  Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of its employees in commerce or in the production of goods for commerce, or in its enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one half times the regular rate at which he or she is employed, absent the applicability of any exemptions allowed under the FLSA.

3.  Defendants shall not, contrary to sections 29 U.S.C. §§ 211(c) and 215(a)(5) of the FLSA, fail to make, keep and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions and practices of employment maintained by it as prescribed by the regulations issued, and from time to time amended, pursuant to section §

211(c) of the FLSA and (29 C.F.R. § 516). Defendants shall make such records available at all reasonable times to representatives of the Secretary.

4.      Defendants shall follow the applicable regulations on tips and tip pooling (contained in 29 C.F.R §531, Subpart D, Tipped Employees).

5.      Defendants shall instruct and require their employees to keep accurate accountings of their time, including hours worked in excess of 40 hours per week.

6.      Defendants and their officers and agents shall not request, solicit, suggest, or coerce, directly or indirectly, any current or former employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money, whether in the form of cash, check, or any other form, previously due or to become due in the future to said employee under the provisions of this Consent Judgment; nor shall Defendants accept, or retrieve from any employee, either directly or indirectly, any money, whether in the form of cash, check , or any other form, heretofore or hereafter paid to said employee under the provisions of this Judgment; nor shall Defendants discharge or in any other manner discriminate against, nor solicit or encourage anyone else to discriminate against, any such employee because such employee has received or retained money due to him from Defendants under the provisions of this Judgment or the FLSA.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

Judgment is hereby entered, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216, in favor of the Secretary and against Defendants, jointly and severally, in the total amount of

3



$35,980 which includes $17,990 in unpaid overtime and minimum wage compensation due the employees and former employees (collectively employees) identified in Exhibit A, attached hereto, plus an additional amount of $17,990 as statutorily authorized liquidated damages due to said employees.

7.      Defendants shall make payment of the $35,980 on or before January 31, 2020 as follows: Clementine's Saloon, Inc. shall pay $34,294 and Clementine's Too, Inc. shall pay $1,686. All payments shall be delivered to the United States Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638, in the form of a certified or cashier's check made payable to "Wage and Hour – Labor." Defendants shall furnish with each check referenced above, a statement showing the following information:

a.      The federal ID numbers for Clementine's Saloon, Inc. and Clementine's Too, Inc.;

b.      The name, Social Security number, last known address, last known telephone number and last known e-mail address of each person listed in Exhibit A.

8.      The Secretary shall supervise the payment of the amounts stated in paragraph 7 to the employees on Exhibit A. Representatives of the Secretary shall distribute such amounts less appropriate deductions for federal income withholding taxes and the employee's share of the Social Security (F.I.C.A.) tax to the employees or their representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employers' share of F.I.C.A. arising from or related to the back wages distributed by the Secretary. The Secretary shall issue a WH-60 form to all employees identified in Exhibit A at the same time as the check is issued and shall require any employee identified in Exhibit A who receives payment to sign a form WH-60.

4



Notwithstanding, an employee's failure to execute the form WH-60 shall not invalidate the employee's waiver of his/her rights to pursue a claim against Defendants for violation of FLSA or applicable state law during the Relevant Period, where the employee cashes a check for the full amount of money identified as being owed to him/her as set forth in Exhibit A, less the appropriate deductions as set forth in this paragraph.

9.     Any funds not distributed within a period of three years from the date of this Judgment because of inability to locate the proper persons or because of such person's refusal to accept the sums sought to be distributed shall be deposited into the Treasury of the United States.

10.     Any unpaid balance is a debt owing to the United States and is subject to the Debt Collection Act of 1982 (Public Law 97-365) and the Debt Collection Improvement Act of 1996, 31 U.S.C. §§ 3701-3719.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

11.     Nothing in this Judgment affects the rights of any current or former employees with respect to any claimed violations of the FLSA for time periods other than those identified in this Judgment.

12.     Notwithstanding anything to the contrary, above, nothing in this Judgment shall be deemed an admission on the part of Defendants to claims raised by employees for violations of the FLSA in this litigation. Further, nothing in this Judgment precludes the Secretary from enforcing violations of the FLSA against Defendants that occurred at times or locations other than those identified in this Judgment, and nothing in this Judgment shall prevent Defendants from asserting their defenses to such violations.

13.     Each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding.



So ordered this 9th day of_____ January, 2020. x2019x

___/s/ Janet T. Neff_____
United States District Judge

The parties hereby consent to the terms and conditions of the foregoing Consent Judgment as set forth above:

**For Defendants:**

Clementine's Saloon, Inc.

By_____
Title: President

Clementine's Too, Inc.

By_____
Title: President

_____
Alfred Ruppert, individually

12-6-19

HONIGMAN LLP

s/Mathew S. Disbrow
Mathew S. Disbrow_____
2290 First National Building
660 Woodward Avenue
(313) 465-7372 *telephone*
mdisbrow@honigman.com

Attorneys for Defendants

**For the Secretary:**

Kate S. O'Scannlain
Solicitor of Labor

6

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Solicitor of Labor

s/Linda Ringstad
Linda Ringstad
Counsel for Wage & Hour

U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn Street, Suite 844
Chicago, IL 60604
(312) 353-3668
(312) 353-5698 (fax)
ringstad.linda@dol.gov